

1  JEREMY D. MAURER
   P.O. BOX 70474
2  OAKLAND, CA 94612-0474

3  (925) 246-5879
   jmaurer@jeremymaurer.com
4
   *Plaintiff Pro Se*
5

*FILED*

*JUL 21 2011*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND OF CALIFORNIA

6  E-filing

7                                                                    ADR

8            **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA**    **JCS**

10  JEREMY D. MAURER,                Case No. **C11-03580**

11            Plaintiff,             **COMPLAINT FOR DAMAGES**
                                     **1.    VIOLATIONS OF FDCPA (15 U.S.C. §**
12            v.                     **1692 *et seq.*)**
                                     **2.    VIOLATIONS OF ROSENTHAL**
13  MARCUS & PARTNERS, INC., STEVEN A.   **FDCPA (CAL. CIVIL CODE § 1788 *et seq.*)**
    BOOSKA, SHEVGUR LLC d/b/a          **3.    INTENTIONAL INFLICTION OF**
14  BORROWLENSES.COM,                  **EMOTIONAL DISTRESS**
                                       **4.    NEGLIGENT INFLICTION OF**
15            Defendants              **EMOTIONAL DISTRESS**

16

17                    **INTRODUCTION**

18      1.  The United States Congress has found abundant evidence of the use of abusive,

19  deceptive, and unfair debt collection practices by many debt collectors, and has determined that

20  abusive debt collection practices contribute to the number of personal bankruptcies, to marital

21  instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt

22  Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt

23  collection practices by debt collectors, to insure that those debt collectors who refrain from using

24  abusive debt collection practices are not competitively disadvantaged, and to promote consistent

25  State action to protect consumers against debt collection abuses.

26      2.  The California legislature has determined that the banking and credit system and grantors

27  of credit to consumers are dependent upon the collection of just and owing debts and that unfair or

28  deceptive collection practices undermine the public confidence that is essential to the continued

1  functioning of the banking and credit system and sound extensions of credit to consumers. The
2  Legislature has further determined that there is a need to ensure that debt collectors exercise this
3  responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors
4  must be prohibited from engaging in unfair or deceptive acts or practices.

5  3.  This is an action for statutory damages and equitable relief brought by Plaintiff to redress
6  the Defendants' numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et*
7  *seq.* ("FDCPA"), and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et*
8  *seq.* ("RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair
9  practices.

10  ## JURISDICTION AND VENUE

11  4.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d),
12  and 28 U.S.C. § 1367 for supplemental state law claims.

13  5.  This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt
14  Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt
15  Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*

16  6.  Because Defendants conduct business within the State of California, personal jurisdiction
17  is established.

18  7.  Venue is proper pursuant to 28 U.S.C. § 1391.

19  ## INTRADISTRICT ASSIGNMENT

20  8.  Assignment to the Division of Oakland is proper because a substantial part of the events
21  or omissions that give rise to these claims occurred in the County of Alameda, cities of Oakland and
22  Berkeley.

23  ## PARTIES

24  9.  Plaintiff, JEREMY D. MAURER ("Plaintiff"), is a natural person who resides in the
25  County of Alameda, State of California and is obligated or allegedly obligated to pay a debt, and is a
26  "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27  10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt
28  which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that

2

**COMPLAINT FOR DAMAGES**

1 term is defined by California Civil Code § 1788.2(h).

2 11. Defendant SHEVGUR LLC d/b/a BORROWLENSES.COM ("SHEVGUR LLC"), was a
3 company engaged, by the use of the mails and telephone, in the business of collecting a debt from
4 Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f). Defendant
5 SHEVGUR LLC regularly attempts to collect debts alleged to be due them, and therefore is a "debt
6 collector" as defined by the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §
7 1788.2(c).

8 12. Defendant MARCUS & PARTNERS, INC. ("MPI") is a company operating from the
9 City of Berkeley, County of Alameda, State of California.

10 13. Defendant MPI is a person who uses an instrumentality of interstate commerce or the
11 mails in a business the principal purpose of which is the collection of debts, or who regularly
12 collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due
13 another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). MPI was
14 a company engaged, by the use of the mails and telephone, in the business of collecting a debt from
15 Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code § 1788.2(f). MPI
16 regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as
17 defined by the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.2(c).

18 14. Defendant MPI is not an attorney or counselor at law and is a person who, in the
19 ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt
20 collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt
21 collector" as that term is defined by California Civil Code § 1788.2(c).

22 15. Defendant STEVEN A. BOOSKA ("BOOSKA") is a natural person and licensed
23 attorney is the state of California. BOOSKA is a "debt collector" within the meaning of 15 U.S.C. §
24 1692a(6). BOOSKA is a third-party debt collector subject to the federal Fair Debt Collection
25 Practices Act, 15 U.S.C. § 1692 et seq.

26 16. This case involves money, property or their equivalent, due or owing or alleged to be
27 due or owing from a natural person by reason of a consumer credit transaction. As such, this action
28 arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code

3

1  § 1788.2(f).

2  **FACTUAL ALLEGATIONS**

3      17. On or about March 2009 Plaintiff rented photography equipment from Defendant
4  SHEVGUR LLC. Said equipment was stolen and reported as such to the Oakland Police
5  Department.

6      18. On or about June 12, 2009, Defendant SHEVGUR LLC filed a lawsuit against Plaintiff in
7  the Superior Court of California, San Mateo County entitled *ShevGur LLC d/b/a BorrowLenses.com*
8  *v. Jeremy Maurer*, Case No. SCC-107332 (hereinafter the "*BorrowLenses v. Maurer* complaint"),
9  which sought to collect the debt on behalf of itself.

10      19. On or about August 12, 2009, Defendant SHEVGUR LLC obtained a Judgment against
11  Plaintiff in the *BorrowLenses v. Maurer* complaint. The Judgment was for $5,000.00 principal and
12  $60.00 costs. A true and correct copy of the Notice of Entry of Judgment is attached as **EXHIBIT**
13  **A**.

14      20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before
15  January 1, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Peter With for
16  collection. A true and copy of the court-endorsed Acknowledgment of Assignment is attached as
17  **EXHIBIT B**.

18      21. On or around March 2010 Assignee Peter With secured an Earnings Withholding Order
19  to satisfy the judgment awarded to Defendant SHEVGUR LLC.

20      22. On or about April 19, 2010 the Hon. Susan L. Greenberg held a hearing regarding
21  Plaintiff's Claim of Exemption for the Earnings Withholding Order. The hearing was attended by
22  Assignee Peter With. The Hon. Greenberg modified the Earnings Withholding Order in response to
23  Plaintiff's claim of exemption. A true and correct copy of the Order Determining Claim of
24  Exemption is attached as **EXHIBIT C**.

25      23. Since April 2010 to present Plaintiff has been making regular payments to Assignee Peter
26  With in the amount of $200.00 per month for the debt.

27      24. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before
28  February 15, 2011, the alleged debt was illegally assigned, placed, or otherwise transferred, to

4

**COMPLAINT FOR DAMAGES**

1   Defendant MPI from Defendant SHEVGUR LLC for collection, despite Defendant SHEVGUR LLC
2   no longer having standing regarding the debt.

3       25. On or about February 15, 2011, Defendant MPI sent, and Plaintiff received, a dunning
4   letter addressed to Plaintiff's employer and in the name of Defendant MPI. A true and correct copy
5   of Defendant MPI's dunning letter is attached as **EXHIBIT D**.

6       26. This letter to Plaintiff, sent by Defendant MPI, was a "communication" as that term is
7   defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code
8   1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

9       27. Defendant MPI failed within five days after this initial communication with Plaintiff, to
10  provide written notification containing a statement that unless the consumer, within thirty days after
11  receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be
12  assumed to be valid by the debt collection, and failed within five days after   the initial
13  communication with Plaintiff to provide written notification of a statement that if the consumer
14  notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof,
15  is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the
16  consumer and a copy of such verification or judgment will be mailed to the consumer by the debt
17  collector, and that the debt collector will provide the consumer with the name and address of the
18  original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.

19      28. Additionally and alternatively, this initial communication to Plaintiff by the Defendant
20  MPI included a written notice, the language of which overshadowed, weakened, and failed to
21  comply with the notice required by 15 U.S.C. § 1692g(a)(3) because it did not state all the rights
22  available to Plaintiff pursuant to 15 U.S.C. § 1692g and as such, Defendant MPI's communication
23  violates 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.

24      29. Defendant MPI's initial communication to Plaintiff falsely lists two confusing balances
25  allegedly owed. Defendant MPI acted in a manner that was deceptive, unfair, and unconscionable,
26  thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692g(a)(1).

27      30. Defendant MPI's initial communication to Plaintiff states, "The above mentioned
28  company has referred your account to this office for collection." The letter identifies

1   BorrowLenses.com as their client. This letter **GROSSLY MISREPRESENTS** the legal status of
2   the alleged debt and the legal standing of Defendant SHEVGUR LLC and Defendant MPI.

3       31. On or about February 16, 2011, in response to Defendant MPI's dunning letter, Plaintiff
4   mailed a letter to Defendant MPI disputing the alleged debt via Certified Mail. A true and correct
5   copy of Plaintiff's February 16, 2011 letter is attached as **EXHIBIT E.**

6       32. On or about February 18, 2011, Defendant MPI signed for the Certified Letter. A true
7   and correct copy of the signed PS Form 3811 is attached as **EXHIBIT F.**

8       33. On or about March 2, 2011, Defendant MPI sent a letter to Plaintiff stating, **"The client**
9   **has admitted that this account should never have been placed with us. I have closed my file,**
10  **and you will hear no more from us."** The balance listed is $0.00. This balance is false, as Plaintiff
11  continues to make regular payments to Assignee Peter With for the underlying debt. A true and
12  correct copy of Defendant MPI's March 2, 2011 letter is attached as **EXHIBIT G.**

13      34. In an effort to continue and intentionally harass Plaintiff, Defendant SHEVGUR LLC
14  then sent their fabricated account to Defendant BOOSKA.

15      35. On or about June 14, 2011, Defendant BOOSKA sent, and Plaintiff received, a dunning
16  letter addressed to Plaintiff at his employer's address and in the name of Defendant BOOSKA. A
17  true and correct copy of Defendant BOOSKA's dunning letter is attached as **EXHIBIT H.**

18      36. This letter to Plaintiff, sent by Defendant BOOSKA, was a "communication" as that term
19  is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code
20  1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

21      37. Additionally and alternatively, this initial communication to Plaintiff by the Defendant
22  BOOSKA included a written notice, the language of which overshadowed, weakened, and failed to
23  comply with the notice required by 15 U.S.C. § 1692g(a)(3) because it did not state all the rights
24  available to Plaintiff pursuant to 15 U.S.C. § 1692g and as such, Defendant BOOSKA's
25  communication violates 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.

26      38. Defendant BOOSKA's initial communication to Plaintiff falsely lists a different and
27  lower balance than Defendant MPI's dunning letter. The balance allegedly owed does not show any
28  credit for the twelve months of payments on the underlying debt. Defendant BOOSKA acted in a

6

1  manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e,

2  1692e(10), 1692f and 1692g(a)(1).

3      39. On or about June 17, 2011, in response to Defendant BOOSKA's dunning letter, Plaintiff

4  mailed a letter to Defendant BOOSKA disputing the alleged debt via Certified Mail. A true and

5  correct copy of Plaintiff's June 17, 2011 letter is attached as **EXHIBIT I**.

6      40. On or about June 22, 2011, Defendant BOOSKA signed for the Certified Letter. A true

7  and correct copy of the signed PS Form 3811 is attached as **EXHIBIT J**.

8      41. Despite Defendant BOOSKA's contentions in his June 14, 2011 letter, Defendant

9  BOOSKA has not provided Plaintiff with any information to substantiate his claim that Plaintiff

10 owes Defendant SHEVGUR LLC anything. Defendant BOOSKA has no intention on providing

11 verification or validation of anything as originally offered in his June 14, 2011. Defendant

12 BOOSKA's dunning letter is merely an attempt to extort money from Plaintiff.

13     42. Defendant SHEVGUR LLC has repeatedly and admittedly sent this "debt" to multiple

14 debt collectors falsely characterizing it, falsely representing that they have standing when in fact

15 they assigned the judgment to Assignee Peter With and they continue to harass Plaintiff.

16                    **FIRST CLAIM FOR RELIEF - FDCPA**

17     43. Plaintiff, repeats, re-alleges, and incorporates the fore-going paragraphs.

18     44. Defendants conduct violated the FDCPA, 15 U.S.C. § 1692 et seq., including, but not

19 limited to: (a) Falsely representing the character, amount, or legal status of Plaintiff's debt in

20 violation of 15 U.S.C. § 1692e(2)(A); Falsely representing or implying that nonpayment of

21 Plaintiff's debt would result in legal action where such action is not lawful or Defendants did not

22 intend to take such action in violation of 15 U.S.C. § 1692e(4); Threatening to take an action against

23 Plaintiff that cannot be legally taken or that was not actually intended to be taken in violation of 15

24 U.S.C. § 1692e(5); Overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the

25 thirty-day dispute period in violation of 15 U.S.C. § 1692g(b); Using false representations and

26 deceptive practices in connection with collection of an alleged debt from Plaintiff in violation of 15

27 U.S.C. § 1692e(10).

28     45. Defendants violated 15 U.S.C. § 1692 et seq., but not limited to, the violations mentioned

1 herein.

2 **SECOND CLAIM FOR RELIEF- RFDCPA**

3 46. Plaintiff, repeats, re-alleges, and incorporates the fore-going paragraphs.

4 47. Defendants conduct violated the RFDCPA, Cal. Civ. Code § 1788 et seq., including, but
5 not limited to: (a) Falsely representing that a legal proceeding has been, is about to be, or will be
6 instituted unless payment of a consumer debt is made in violation of Cal. Civil Code § 1788.13(j);
7 (b) Violating Cal. Civil Code § 1788.17, which requires "every debt collector collecting or
8 attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j"
9 of Title 15 United States Code (FDCPA).

10 48. Defendants violated Cal. Civ. Code § 1788 *et seq.*, including, but not limited to, the
11 violations mentioned herein.

12 **THIRD CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL**
13 **DISTRESS**

14 49. Plaintiff, repeats, re-alleges, and incorporates the fore-going paragraphs.

15 50. Defendants actions towards Plaintiff were wanton, willful and outrageous in that they
16 continued to "Dunn" Plaintiff knowing that the alleged debt was already litigated and they continued
17 to misrepresent the legal status, character, balance and fees.

18 51. Defendants actions caused Plaintiff to suffer severe emotional distress and anguish.

19 52. It was a reasonably foreseeable result that Defendants outrageous actions would cause
20 Plaintiff severe emotional distress and anguish.

21 53. Defendant SHEVGUR LLC's continued practice of assigning, recalling, reassigning a
22 debt to various debt collectors when they know the underlying debt was already litigated,
23 demonstrates a maliciousness calculated to inflict emotional distress upon Plaintiff.

24 **FOURTH CLAIM FOR RELIEF- NEGLIGENT INFLICTION OF EMOTIONAL**
25 **DISTRESS**

26 54. Plaintiff, repeats, re-alleges, and incorporates the fore-going paragraphs.

27 55. Defendants actions towards Plaintiff were negligent. Sending dunning letters without the
28 statutory mandated notices, demanding fees Defendants are not entitled to and threatening to abuse

8
**COMPLAINT FOR DAMAGES**

1    process for an unlawful purpose caused Plaintiff emotional distress.

2    56. Defendants actions caused Plaintiff to suffer emotional distress and anguish.

3    57. It was a reasonably foreseeable result that Defendants outrageous actions would cause

4    Plaintiff emotional distress and anguish.

5

## PRAYER FOR RELIEF

6    58. WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

7    Defendants for the following:

8

## DAMAGES

9    59. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

10    against Defendants.

11    60. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §

12    1692k(a)(3). Plaintiff expects to substitute in counsel.

13    61. Declaratory judgment that Defendants' conduct violated the FDCPA.

14    62. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b),

15    against Defendants.

16    63. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code

17    § 1788.30(c). Plaintiff expects to substitute in counsel.

18    64. Declaratory judgment that Defendants' conduct violated the RFDCPA.

19    65. An award of punitive damages in an amount that the court may allow pursuant to Cal.

20    Civ. Code § 1788.31(a)(2)(B), against Defendants.

21    66. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code

22    § 1788.31(d).

23    67. Injunctive relief pursuant to Cal. Civ. Code § 1788.31(b).

24    68. Actual and punitive damages for the Intentional Infliction of Emotional Distress and/or

25    Negligent Infliction of Emotional Distress.

26    69. For such other and further relief as may be just and proper .

27    ///

28    ///

1

## TRIAL BY JURY

2      70. Pursuant to the seventh amendment to the Constitution of the United States of America,

3 Plaintiff is entitled to, and demands, a trial by jury.

4 Dated: July 20, 2011

5                                    JEREMY D. MAURER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO, SMALL CLAIMS DIVISION**  SC-130

☐ SOUTHERN BRANCH
500 County Center
Redwood City, CA 94063
(650) 363-4303

☒ CENTRAL BRANCH
800 N. Humboldt St.
San Mateo, CA 94401
(650) 573-2605

☐ NORTHERN BRANCH
1050 Mission Road
So. San Francisco, CA 94080
(650) 877-5775

Court Website: www.sanmateocourt.org

SMALL CLAIMS CASE NO.: SCC-107332

| NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has been decided. If you lost the case, and the court ordered you to pay money, your wages, money, and property may be taken without further warning from the court. Read the back of this sheet for important information about your rights. | AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido resuelto por la corte para reclamos judiciales menores. Si la corte ha decidido en su contra y ha ordenado quo usted pague dinero, le pueden quitar su salario, su dinero, y otras cosas de su propiedad, sin aviso adicional por parte de esta corte. Lea el reverso de este formulario para obtener informacion de importancia acerca de sus derechos. |
|---|---|

PLAINTIFF/DEMANDANTE *(Name, street address, and telephone number of each):*
SHEVGUR LLC DBA BORROWLENSES. COM
C/O MAX SHEVYAKOV
428 PENINSULA AVE.
SAN MATEO, CA 94401

DEFENDANT/DEMANDADO *(Name, street address, and telephone number of each):*
JEREMY MAURER
505 14TH ST. STE 600
OAKLAND, CA 94612

Telephone No.:

Telephone No.:

Telephone No.:

Telephone No.:

☐ See attached sheet for additional plaintiffs and defendants.

## NOTICE OF ENTRY OF JUDGMENT

Judgment was entered as checked below on *(date):* 08/12/09

1. ☒ Defendant *(name, if more than one):*
   shall pay plaintiff *(name, if more than one):*
   $ 5,000.00   principal and: $ 60.00   costs on plaintiffs claim.
2. ☐ Defendant does not owe plaintiff any money on plaintiff's claim.
3. ☐ Plaintiff *(name, if more than one):*
   shall pay defendant *(name, if more than one):*
   $   principal and $   costs on defendant's claim.
4. ☐ Plaintiff does not owe defendant any money on defendants claim.
5. ☐ Possession of the following property is awarded to plaintiff *(describe property):*

6. ☐ Payments are to be made at the rate of: $   per *(specify period):*   , beginning on *(date):*
   and on the *(specify day):*   day of each month thereafter until paid in full. If any payment is missed, the
   entire balance may become due immediately.
7. ☐ Dismissed in court ☐ with prejudice. ☐ without prejudice.
8. ☐ Attorney-Client Fee Dispute *(Attachment to Notice of Entry of Judgment)* (form SC-132) is attached.
9. ☐ Other *(specify):*

10. ☐ This judgment results from a motor vehicle accident on a California highway and was caused by the judgment debtor's operation of a motor vehicle. If the judgment is not paid, the judgment creditor may apply to have the judgment debtor's drivers license suspended.
11. Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.
12. ☐ This notice was personally delivered to *(insert name and date):*
13. CLERK'S CERTIFICATE OF MAILING— I certify that I am not a party to this action. This *Notice of Entry of Judgment* was mailed first class, postage prepaid, in a sealed envelope to the parties at the addresses shown above. The mailing and this certification occurred at the place and on the date shown below.

Place of mailing: San Mateo, California

Date of mailing: 08/12/09   JOHN C. FITTON, Court Executive Officer/Clerk by   Z ARSHAD   , Deputy

— The county provides small claims advisor services free of charge. Read the information sheet on the reverse. —

Form Adopted for Mandatory Use
Judicial Council of California
SC-130 [Rev. July 1, 2007]

**NOTICE OF ENTRY OF JUDGMENT**
(Small Claims)

Page 1 of 2
Code of Civil Procedure, § 116.810
www.courtinfo.ca.gov

DEFENDANTS COPY

**SC-130**

| INFORMATION AFTER JUDGMENT | INFORMACION DESPUES DEL FALLO DE LA CORTE |
|---|---|

Your small claims case has been decided. The **judgment** or decision of the court appears on the front of this sheet. The court may have ordered one party to pay money to the other party. The person (or business) who won the case and who can collect the money is called the **judgment creditor**. The person (or business) who lost the case and who owes the money is called the **judgment debtor**.

Enforcement of the judgment is postponed until the time for appeal ends or until the appeal is decided. This means that the judgment creditor cannot collect any money or take any action until this period is over. Generally, both parties may be represented by lawyers after judgment.

**IF YOU LOST THE CASE . . . .**

1. If you lost the case on your own claim and the court did not award you any money, the court's decision on your claim is FINAL. You may not appeal your own claim.

2. If you lost the case and the court ordered you to pay money, your money and property may be taken to pay the claim unless you do one of the following things:

   **a. PAY THE JUDGMENT**

   The law requires you to pay the amount of the judgment. You may pay the judgment creditor directly, or pay the judgment to the court for an additional fee. You may also ask the court to order monthly payments you can afford.
   Ask the clerk for information about these procedures.

   **b. APPEAL**

   If you disagree with the court's decision, you may appeal the decision on the other party's claim. You may not appeal the decision on your own claim. However, if any party appeals, there will be a new trial on all the claims. If you appeared at the trial, you must begin your appeal by filing a form called a Notice of Appeal (form SC-140) and pay the required fees within 30 days after the date this Notice of Entry of Judgment was mailed or handed to you. Your appeal will be in the superior court. You will have a new trial and you must present your evidence again. You may be represented by a lawyer.

   **c. VACATE OR CANCEL THE JUDGMENT**

   If you did not go to the trial, you may ask the court to vacate or cancel the judgment. To make this request, you must file a Motion to Vacate the Judgment (form SC-135) and pay the required fee within 30 days after the date this Notice of Entry of Judgment was mailed. If your request is denied, you then have 10 days from the date the notice of denial was mailed to file an appeal. The period to file the Motion to Vacate the Judgment is 180 days if you were not properly served with the claim. The 180-day period begins on the date you found out or should have found out about the judgment against you.

**IF YOU WON THE CASE . . .**

1. If you were sued by the other party and you won the case, then the other party may not appeal the court's decision.

2. If you won the case and the court awarded you money, here are some steps you may take to collect your money or get possession of your property:

   **a. COLLECTING FEES AND INTEREST**

   Sometimes fees are charged for filing court papers or for serving the judgment debtor. These extra costs can become part of your original judgment. To claim these fees, ask the clerk for a Memorandum of Costs.

   **b. VOLUNTARY PAYMENT**

   Ask the judgment debtor to pay the money. If your claim was for possession of property, ask the judgment debtor to return the property to you. THE COURT WILL NOT COLLECT THE MONEY OR ENFORCE THE JUDGMENT FOR YOU.

   **c. STATEMENT OF ASSETS**

   If the judgment debtor does not pay the money, the law requires the debtor to fill out a form called the Judgment Debtor's Statement of Assets (form SC-133). This form will tell you what property the judgment debtor has that may be available to pay your claim. If the judgment debtor willfully fails to send you the completed form, you may file an Application and Order to Produce Statement of Assets and to Appear for Examination (form SC-134) and ask the court to give you your attorney's fees and expenses and other appropriate relief, after proper notice, under Code of Civil Procedure section 708.170.

   **d. ORDER OF EXAMINATION**

   You may also make the debtor come to court to answer questions about income and property. To do this, ask the clerk for an Application and Order for Appearance and Examination (Enforcement of Judgment) (form EJ-125) and pay the required fee. There is a fee if a law officer serves the order on the judgment debtor. You may also obtain the judgment debtors financial records. Ask the clerk for the Small Claims Subpoena and Declaration (form SC-107) or Civil Subpoena Duces Tecum (form SUBP-002).

   **e. WRIT OF EXECUTION**

   After you find out about the judgment debtor's property, you may ask the court for a Writ of Execution (form EJ-1 30) and pay the required fee. A writ of execution is a court paper that tells a law officer to take property of the judgment debtor to pay your claim. Here are some examples of the kinds of property the officer may be able to take: **wages, bank account, automobile, business property, or rental income**. For some kinds of property, you may need to file other forms. See the law officer for information.

   **f. ABSTRACT OF JUDGMENT**

   The judgment debtor may own land or a house or other buildings. You may want to put a lien on the property so that you will be paid if the property is sold. You can get a lien by filing an Abstract of Judgment (form EJ-001) with the county recorder in the county where the property is located. The recorder will charge a fee for the Abstract of Judgment

---

**NOTICE TO THE PARTY WHO WON:** As soon as you have been paid in full, you must fill out the form below and mail it to the court immediately or you may be fined. If an Abstract of Judgment has been recorded, you must use another form; see the clerk for the proper form.

---

SMALL CLAIMS CASE NO.:

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT** (Do not use this form if an Abstract of Judgment has been recorded.)

**To the Clerk of the Court:**

I am the ☐ judgment creditor ☐ assignee of record.

I agree that the judgment in this action has been paid in full or otherwise satisfied.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                                                    (SIGNATURE)

# EXHIBIT B

ENDORSED FILED
SAN MATEO COUNTY

DEC 3 1 2009

Clerk of the Superior Court
By ___ Ram Yenkanna
CEPUTY CLERK

1   Shevgur LLC dba Borrowlenses.com
    428 Peninsula Ave
2   San Mateo, CA 94401

3           SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN MATEO

4                                   SMALL CLAIMS

5   *Shevgur LLC dba Borrowlenses.com*   ) Case No.: No. SCC-107332
                                         )
6               Plaintiff,               ) **ACKNOWLEDGMENT OF ASSIGNMENT**
                                         ) **OF JUDGMENT**
7       vs.                              ) (Pursuant to CCP § 673)
                                         )
8   **Jeremy Maurer**                    )
                                         )
9               Defendant                )
                                         )
10  _____)

11  **COMES NOW** Max Shevyakov, managing partner of *Shevgur LLC dba*

12  *Borrowlenses.com*, Plaintiff and Original Judgment Creditor in the within matter, and

13  hereby provides the following in support of an **ASSIGNMENT OF JUDGMENT**:

14

15  1) **THAT** Judgment was entered by this court on or about August 12, 2009.

16

17  2) **THAT** Plaintiff/Original Judgment Creditor *Shevgur LLC dba Borrowlenses.com* was

18  awarded against Defendants Jeremy Maurer the sum of $5, 060.00.

19

20  3) **THAT** there have been no renewals since the entry of said judgment by this court and

21  that Plaintiff/Original Judgment Creditor *Shevgur LLC dba Borrowlenses.com* has

22  received $00.00 of judgment award from Defendant Jeremy Maurer.

23

24  4) **THAT** *Shevgur LLC dba Borrowlenses.com* of 428 Peninsula Ave, San Mateo,

25  California is the judgment creditor of record.

    Acknowledgment of Assignment

                                        1

1  5) **THAT** the last address of record for the judgment debtor Jeremy Maurer is 505 14th

2  Street, Oakland, CA 94612.

3

4  6) **THAT** I hereby transfer, and assign all title rights, and interest in the within judgment to:

5                    Peter With
                      601 Van Ness Ave Ste E3 407
6                    San Francisco, CA, 94102
                      Phone: (866) 404-1888

7

8  7) **THAT** I hereby authorize Assignee Peter With to recover, compromise, settle and enforce

9  said judgment and I withdraw all right and claim to same.                    December

10                                  Dated this   day of   20th   , 2009

11                                                    M. Sh

12                                                    Max Shevyakov
                                                       Accepted this ٱʊ day of Dec , 2009
13  Accepted this   day of  Dec  , 2009

14                                                    Peter With

15  **STATE OF CALIFORNIA**

16  **COUNTY OF** SAN FRANCISCO

17
    On  12.20.09  , before me  J. Robinson  , a notary public,
18  personally appeared Max Shevyakov, who proved to me on the basis of satisfactory
    evidence to be the person whose name is subscribed to the within instrument and
19  acknowledged to me that he executed the same is his authorized capacity, and that by his
    signature on the instrument the person, or the entity upon behalf of which the person acted,
20  executed the instrument.

21  I certify under PENALTY OF PERJURY under the laws of the State of California that the
    foregoing paragraph is true and correct.

22
    WITNESS my hand and official seal
23

24  Signature of Notary Public

25
                                            J. ROBINSON
                                       Commission # 1678740
                                       Notary Public - California
                                       San Francisco County
                                       My Comm. Expires Jun 29, 2010

    Acknowledgment of Assignment

                                        2

**EXHIBIT C**

**WG-011**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* TELEPHONE NO:<br>PETER WITH (ASIGNEE)<br>601 VAN NESS AVE. STE E3 407<br>SAN FRANCISCO, CA 94102 | FOR COURT USE ONLY |
| ATTORNEY FOR *(Name):* | **FILED**<br>**SAN MATEO COUNTY** |
| NAME OF COURT, JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:<br>CENTRAL BRANCH | APR 2 8 2010 |
| PLAINTIFF: SHEVGUR LLC DBA BORROWLENSES.COM<br><br>DEFENDANT: JEREMY MAURER | Clerk of the Superior Court<br>By ~~Peacekes~~<br>DEPUTY CLERK |

| | LEVYING OFFICER FILE NO: | COURT CASE NO.: |
|---|---|---|
| **ORDER DETERMINING CLAIM OF EXEMPTION**<br>**(Wage Garnishment)** | 2010002218 | SCC-107332 |

1. The application of *(name):* SHEVGUR LLC DBA BORROWLENSES.COM
   for an order determining the Claim of Exemption of *(name):* JEREMY MAURER
   was heard on *(date):* 04/19/10
   *(Check boxes to indicate personal presence)*
   - ☒ Judgment Creditor *(name):*          ☐ Attorney *(name):*
   - ☒ Judgment Debtor *(name):*            ☐ Attorney *(name):*

2. The court considered the evidence in support of and in opposition to the Claim of Exemption.

3. IT IS ORDERED

   a. ☐ The judgment debtor's Claim of Exemption is denied.

   b. ☒ The judgment debtor's Claim of Exemption is granted, in part.

   c. ☐ The levying officer is directed to release any earnings held to the judgment debtor.

   d. ☐ The levying officer is directed to release any earnings held to the judgment creditor for payment on the judgment.

   e. ☒ Other orders *(specify):* Plaintiff to keep $100.— per paycheck, balance to be returned to Defendant.

   f. The clerk shall transmit a certified copy of this order to the levying officer. The levying officer shall notify the employer of any change in the Earnings Withholding Order and release any retained sums as provided in this order.

Date: APR 1 9 2010
                                            ▶                          _____
                                                                       *(SIGNATURE OF JUDGE)*

[SEAL]

**CLERK'S CERTIFICATION**

I certify that the foregoing is a true and correct copy of the original on file in my office.

Date: _____          Clerk, by _____, Deputy

Page 1 of 1

Form Adopted by the<br>Judicial Council of California<br>WG-011 [Rev. January 1, 2007]

**ORDER DETERMINING CLAIM OF EXEMPTION**
**(Wage Garnishment)**

Code of Civil Procedure, § 706.105
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | FOR COURT USE ONLY |
|---|---|
| , | |
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SAN MATEO**<br>400 County Center<br>Redwood City, CA 94063-1655<br>www.sanmateocourt.org | |
| PLAINTIFF: SHEVGUR LLC<br><br>DEFENDANT: JEREMY MAURER | |

| **Affidavit of Mailing -**<br>**Order determining claim of exemption** | CASE NUMBER:<br>**SCC107332** |
|---|---|

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at San Mateo, California.

John C. Fitton,
Court Executive Officer/Clerk

Dated: 04/28/10

By: FRANCISCO BERNAL
Deputy Clerk

**Attorneys (Pro Pers) Being Noticed:**

# EXHIBIT D

3030 Ashby Ave #102
Berkeley  CA 94705

510 647 0990                    ☎

# Marcus & Partners, inc.

*r e c e i v a b l e s   m a n a g e m e n t*
February 15, 2011

Attn: Accounts Payable                                      Fax 647 0999
Jeremy Maurer
505 14TH STREET STE 600
OAKLAND, CA 94612

Re: BorrowLenses.com                 Net Balance:     $6,074.85
    Claim # 37968               Gross Balance due:     $6,485.28

Dear Accounts Payable,

The above mentioned company has referred your account to this office for
collection. We would like to resolve this outstanding balance amicably.
We request that you send payment in full by return mail, to avoid the
creditor having to take further action to secure payment.

The above balance includes interest in the amount of $410.43      .

If your payment in full is not being forwarded by return mail, it is urgent
that you contact the undersigned to discuss your account.

Very Truly Yours,



Earle Glinton
EG/tr




This is an attempt to collect a debt. Any information obtained will be used
for that purpose. This letter is from a debt collector.

# EXHIBIT E

# JEREMY D. MAURER

P.O. Box 70474, Oakland, California 94612-0474

February 16, 2011

## CERTIFIED MAIL 7001 1940 0000 1223 5197

Earle Glinton
Marcus & Partners, Inc.
3030 Ashby Avenue, Suite 102
Berkeley, CA 94705-2439

> RE: Collection notice dated February 15, 2011
> BorrowLenses.com
> Claim #: 37968
> Alleged Net Balance: $6,074.85
> Alleged Gross Balance: $6,485.28

Dear Mr. Glinton

I dispute this alleged debt. I have no idea who you are or why you claim I owe both a Net Balance: $6,074.85 and Gross Balance due: $6,485.28. Please provide me with any evidence of a contractual obligation to pay the alleged debt. Please provide me with any evidence supporting your claim.

I dispute this debt in its entirety. I dispute the amounts, the balances, the character, the legal status. Until you hear from me otherwise please mark your files that this is disputed. Thank you.

Very truly yours,

Jeremy D. Maurer

Attachment: Your February 15, 2011 demand letter

# EXHIBIT F



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EARLE GLINTON
SOLUS & PARTNERS, INC.
2003 ASHBY AVENUE, SUITE 102
BERKELEY, CA 94705-2139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
2-18-11

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7001 1940 0000 1223 5197

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT G

3030 Ashby Ave #102
Berkeley CA 94705

510 647 0990 ☎

# Marcus & Partners, inc.

*r e c e i v a b l e s   m a n a g e m e n t*

March 2, 2011

Fax 647 0999

Mr. Jeremy D. Maurer
Jeremy Maurer
505 14TH STREET STE 600
OAKLAND, CA 94612

Re: BorrowLenses.com                    Balance: $0.00

Dear Mr. Maurer,

The client has admitted that this account should never have been placed with us. I have
closed my file, and you will hear no more from us.

Sincerely,

Doug Kline

This is an attempt to collect a debt. Any information obtained will be used
for that purpose. This letter is from a debt collector.

**EXHIBIT H**

**STEVEN A. BOOSKA**
Attorney At Law
P.O. Box 194650
San Francisco, CA 94119

Steven A. Booska
Linda B. Hetland

Tel: (415) 397-4345 Fax: (415) 982-3440
Toll Free: (800) 565-6752
stevenb@booskalaw.com

June 14, 2011

JEREMY MAURER
505 14TH STREET, STE 600
Oakland CA 94612

        RE: BORROWLENSES.COM
        Account No:        11055
        File No.:        20110421
        Principal:        $6,074.85
        Interest to Date:  $.00
        Balance:        $6,074.85

Unless you notify this office within 31 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 31 days from receiving this notice, this office will suspend further action regarding the above matter until this office obtains verification of the debt or obtains a copy of a judgment, if applicable, and mails you a copy of such judgment or verification. If you request this office within 31 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The state Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. and after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

If this matter is not resolved it may be necessary to recommend that my client proceed with legal action. If it becomes necessary to institute a civil lawsuit against you, you may be liable not only for the amount due but for interest, court filing fees, service of process, and attorney fees, if applicable.

AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.

        Very truly yours,

        STEVEN A. BOOSKA
        Attorney at Law

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT I

# JEREMY D. MAURER

P.O. Box 70474, Oakland, California 94612-0474

June 17, 2011

## CERTIFIED MAIL 7179 1000 1644 0076 9457

Steven A. Booska, Esq.
P.O. Box 194650
San Francisco, CA 94119-4650

      RE:   Collection notice dated June 14, 2011
              BorrowLenses.com
              Account No.: 11055
              Your File No.: 20110421
              Alleged Balance: $6,074.85

Dear Mr. Booska,

      I dispute this alleged debt. I have no idea who you are or why you claim I owe $6,074.85. Please provide me with any evidence of a contractual obligation to pay the alleged debt. Please provide me with any evidence supporting your claim.

      I dispute this debt in its entirety. I dispute the amounts, the balances, the character, the legal status. What type of legal action would you recommend to your client? Until you hear from me otherwise please mark your files that this is disputed. Thank you.

Very truly yours,

Jeremy D. Maurer

Attachment:   Your June 14, 2011 demand letter

**EXHIBIT J**

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| | A. Signature | ☐ Agent |
| 7179 1000 1644 0076 9457 | ✗ Vernus ~ | ☐ Addressee |
| | B. Received by *(Printed Name)* | C. Date of Delivery |
| | AWNIE GEE | 8/22/2011 |
| 1. Article Addressed to: | D. Is delivery address different from Item 1? ☐ Yes | |
| | If YES enter delivery address below: ☐ No | |
| **STEVEN A. BOOSKA** | | |
| **ATTORNEY AT LAW** | | |
| **PO BOX 194650** | 3. Service Type ☒ **Certified** | |
| **SAN FRANCISCO, CA 94119–4650** | | |
| | 4. Restricted Delivery? *(Extra Fee)* | ☐ Yes |

PS Form 3811                    Domestic Return Receipt