1   Mark E. Ellis - 127159
    Brandon L. Reeves - 242897
2   ELLIS LAW GROUP, LLP
    555 University Avenue, Suite 200 East
3   Sacramento, CA  95825
    Tel: (916) 283-8820
4   Fax: (916) 283-8821
    mellis@ellislawgrp.com
5   breeves@ellislawgrp.com

6   Attorneys for Defendant MARCUS & PARTNERS, INC.

7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                            OAKLAND DIVISION

12   JEREMY D. MAURER,                    Case No.:  C11-03580-CW

13          Plaintiff,                    **DEFENDANTS MARCUS AND PARTNERS,
                                          INC.'S ANSWER TO PLAINTIFF'S
14   v.                                   COMPLAINT; DEMAND FOR JURY TRIAL**

15   MARCUS & PARTNERS, INC.; STEVEN A.
     BOOSKA, SHEVGUR, LLC d/b/a
16   BORROWLENSES.COM,

17          Defendants.

18

19          Defendant MARCUS & PARTNERS, INC. hereby responds to the Complaint ("complaint") of

20   Plaintiff JEREMY D. MAURER as follows:

21          1.      As to Paragraphs 1, 2, 43, 46, 49, 54, and 70, these Paragraphs do not contain

22   allegations against this answering Defendant which need to be admitted or denied.

23          2.      As to Paragraphs 9-11, 15, 17-24, and 34-42, Defendant lacks sufficient information or

24   belief to admit or deny these allegations and on that basis denies them.

25          3.      As to Paragraphs 3, 5, 13, 14, 16, 26-31, 44-45, 47-48, 50-53, 55-69, Defendant denies

26   these allegations and denies Plaintiff is entitled to any of the relief requested.

27          4.      As to Paragraph 6 and 12, Defendant admits these allegations.

28          5.      As to Paragraph 4, Defendant admits this Court has federal question jurisdiction

                                          - 1 -

1   pursuant to **15 U.S.C. § 1692k(d)** and **28 U.S.C. § 1331**, but denies this Court has supplemental

2   jurisdiction over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367**.

3        6.     As to Paragraphs 7 and 8, Defendant lacks sufficient information or belief to admit or

4   deny Plaintiff's venue and intradistrict assignment allegations and on that basis denies these allegations

5   and reserves its right to challenge venue.

6        7.     As to Paragraphs 25, and 32-33, Defendant admits that it sent the letter dated February

7   15, 2011, signed for Plaintiff's Certified Letter on February 18, 2011, and sent the letter dated March

8   2, 2011, but Defendant denies the remaining allegations in these paragraphs.

9        Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters

10   constituting an avoidance or affirmative defense:

11                                 **FIRST AFFIRMATIVE DEFENSE**

12        8.     Defendant alleges that the Complaint, and each claim or cause of action contained

13   therein, fails to state facts sufficient to constitute a claim or cause of action, including with respect to

14   Plaintiff's claim for punitive or exemplary damages.

15                             **SECOND AFFIRMATIVE DEFENSE**

16        9.     Defendant alleges that the Complaint, and each claim or cause of action therein, is

17   barred by the applicable statute of limitations, including the limitations periods set forth in **15 U.S.C. §**

18   **1692k(d)** and **Cal. Civ. Code § 1788.30(f)**.

19                               **THIRD AFFIRMATIVE DEFENSE**

20        10.    Defendant alleges that Plaintiff himself was negligent, careless, and/or committed

21   intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness

22   and/or intentional acts caused and/or contributed to his injuries and/or damages.

23                             **FOURTH AFFIRMATIVE DEFENSE**

24        11.    Defendant alleges that other persons and parties were careless and/or negligent, and/or

25   committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately

26   contributed to the happening of the incidents referred to in the Complaint, and to the extent said

27   negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages,

28   then the damages alleged against this Defendant should be reduced or eliminated.

DEFENDANT MARCUS AND PARTNERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1

### FIFTH AFFIRMATIVE DEFENSE

2      12.    Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect

3  himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

4

### SIXTH AFFIRMATIVE DEFENSE

5      13.    Defendant alleges that all of their actions were taken in good faith and with a reasonable

6  belief that such actions were legal, appropriate, and necessary.

7

### SEVENTH AFFIRMATIVE DEFENSE

8      14.    Defendant alleges that it has no civil liability under the FDCPA, **15 U.S.C. §§ 1692**, *et*

9  *seq.*, or Rosenthal FDCPA, **Cal. Civil Code §§ 1788**, *et seq.*, pursuant to **15 U.S.C. § 1692k(c)** and

10  **Cal. Civil Code § 1788.30(e)** as any alleged violation was unintentional and resulted from the

11  maintenance of procedures reasonably adopted to avoid any such violation.

12

### EIGHTH AFFIRMATIVE DEFENSE

13      15.    Defendant alleges that Plaintiff's Complaint, and each and every claim or cause of

14  action therein, is barred by the privilege embodied in **Cal. Civil Code § 47(b)** and **(c)**, or arising under

15  federal and state common law.

16

### NINTH AFFIRMATIVE DEFENSE

17      16.    Defendant alleges that Plaintiff's Complaint (and the claims or causes of action alleged

18  therein) is barred because Defendant's actions were taken in reasonable reliance upon information

19  provided by its client(s) pursuant to **Clark v. Capital Credit & Collection Services, Inc.**, 460 F.3d

20  1162, 1174 (9th Cir. 2006); **Ducrest v. Alco Collections, Inc.**, 931 F.Supp. 459, 462 (M.D. La. 1999);

21  and **Hulse v. Ocwin**, 195 F.Supp.2d 1188, 1210 (D. Or. 2002), and other similar cases/law.

22

### TENTH AFFIRMATIVE DEFENSE

23      17.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

24  is barred by the doctrine of unclean hands.

25

### ELEVENTH AFFIRMATIVE DEFENSE

26      18.    Defendant alleges that any acts attributed to this Defendant was performed in good faith

27  in conformity with advisory opinions of the Federal Trade Commission pursuant to **15 U.S.C.**

28  **§ 1692k(e)**.

## TWELFTH AFFIRMATIVE DEFENSE

19.     Defendant alleges that the representations or statements made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity, and accuracy.

## THIRTEENTH AFFIRMATIVE DEFENSE

20.     Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint and in the claims or causes of action alleged therein, were consented to by the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

21.     Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

22.     Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

23.     Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, setoff, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

24.     Defendant alleges that Plaintiff's Complaint, and each and every claim or cause of action therein, is barred by the doctrines of *res judicata* and/or collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

25.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that such defenses would be appropriate.

WHEREFORE, Defendant prays for:

DEFENDANT MARCUS AND PARTNERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1.   That Plaintiff takes nothing from this answering Defendant by this Complaint;

2.   That Defendant be awarded judgment in this action;

3.   For attorneys' fees incurred herein, pursuant to statute;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court deems proper.

Dated: August 19, 2011

Ellis Law Group, LLP


By   _/s/ Brandon L. Reeves_
     Brandon L. Reeves
     Attorney for Defendant
     MARCUS & PARTNERS, INC.

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant MARCUS & PARTNERS, INC. hereby demands trial by jury in this action.

Dated: August 19, 2011

Ellis Law Group, LLP

By   */s/ Brandon L. Reeves*
Brandon L. Reeves
Attorney for Defendant
MARCUS & PARTNERS, INC.

- 6 -

**CERTIFICATE OF SERVICE**

I, Maria Gutierrez, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On August 19, 2011, I served the following document(s) on the parties in the within action:

**DEFENDANTS MARCUS AND PARTNERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

| | | |
|---|---|---|
| X | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: | |
| Jeremy Maurer<br>P.O. Box 70474<br>Oakland, CA 94612 | | In Pro Persona |
| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: | |
| Steven A. Booska<br>Law Offices of Steven A. Booska<br>250 Montgomery Street<br>Suite 720<br>San Francisco, CA 94104 | | In Pro Persona |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 19, 2011.

By: _____
Maria Gutierrez

DEFENDANT MARCUS AND PARTNERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL